UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIONEER STATE MUTUAL
INSURANCE COMPANY,

        Plaintiff,

v.

HDI GLOBAL INSURANCE
COMPANY, *et al.*,

        Defendants.
_____/

No. 22-11626

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT
HDI GLOBAL'S MOTION TO DISMISS [11]**

This is an insurance coverage dispute. Before the Court is Defendant HDI Global Insurance Company's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff Pioneer State Mutual Insurance Company's first amended complaint. (ECF No. 11.) Plaintiff opposes the motion. (ECF No. 14.) Defendant HDI Global has filed a reply. (ECF No. 15.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided without oral argument. For the reasons below, the Court DENIES Defendant's HDI Global's motion to dismiss.

**I.    Background**

Plaintiff filed its original complaint in state court, but Defendant HDI Global removed it to this Court based on diversity jurisdiction. (ECF No. 1.) Plaintiff has since filed a first amended complaint naming HDI Global, Allianz Global Risks US Insurance Company, Mercedes Benz Research & Development N.A., Inc., and John Doe

1

Insurance Company as Defendants in this matter.[1]  (ECF No. 9.)  According to Plaintiff's first amended complaint, this case stems from an accident during which an employee of Mercedes caused an ignition of gasoline while testing a vehicle.  Plaintiff is an insurer of Airport Boulevard Associates and has made payments in an amount exceeding $1,000,000 for property damage at the location of the incident on Airport Boulevard.  In Count I of its complaint, Plaintiff seeks "reimbursement and indemnification" from the defendant that insured the vehicle involved in the fire.  In Count II, Plaintiff seeks "allocation and contribution" from the defendants who provided insurance coverage for the damages at the loss location, including Defendant HDI Global, a property insurance carrier for Mercedes at that location, for "pro-rata recovery and allocation of loss."

## II.     Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint.  "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations and citations omitted).  "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  To survive a Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint

---

[1] Plaintiff had improperly identified several of the defendants in its original complaint.

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III.  Analysis

Defendant HDI Global seeks dismissal of both counts in Plaintiff's amended complaint.  But Plaintiff acknowledges that Count I is not directed to HDI Global.  Thus, there is no need to address the parties' arguments regarding that count.  The Court will instead focus its analysis on whether Plaintiff states a claim against HDI Global in Count II of its complaint.

Defendant's primary argument is that there is no recognized cause of action for "allocation" under Michigan law.  The issue of whether a claim survives a Rule 12(b)(6) motion, however, does not turn on how Plaintiff has labeled its claim but rather on whether Plaintiff has pled sufficient facts to state a claim.  In what is admittedly an in-artfully pled claim labeled "allocation and contribution," Plaintiff alleges Defendant HDI Global was the property insurance carrier for Mercedes at the loss location.  Plaintiff therefore argues that if Defendant's policy provided coverage for the same loss covered by the policy it issued to Airport Boulevard Associates, it may be entitled to recover some of the payments provided to its insured.[2]  Michigan courts look at the language of the underlying insurance policies to apportion liability when more than one insurer has agreed to provide coverage for the same loss.  *See Pioneer State Mut. Ins. Co. v. TIG*

---

[2] Plaintiff states that it is possible that Defendant HDI Global's policy did not provide overlapping coverage, but it is unsure of this fact at this stage of the litigation.

*Ins. Co.*, 581 N.W.2d 802, 806-07 (Mich. Ct. App. 1998).  Thus, the Court finds that Plaintiff has stated a claim that is plausible on its face against Defendant HDI Global.

### IV. Conclusion

For the foregoing reasons, Defendant HDI Global's motion to dismiss Plaintiff's first amended complaint is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 21, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager